**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4009-23

ROBERT KORNBLUH,

    Plaintiff-Appellant,

v.

TEKNALYSIS CORPORATION
and MICHAEL DESOMMA,

    Defendants-Respondents.

_____

Submitted May 29, 2025 – Decided June 9, 2025

Before Judges Mayer and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-1756-23.

Smith Eibeler, LLC, attorneys for appellant (Christopher J. Eibeler and Lisa Ackerly Hernandez, on the briefs).

Robert G. Ricco, attorney for respondents.

PER CURIAM

Plaintiff Robert Kornbluh appeals from an August 14, 2024 no cause judgment on his claim alleging a violation of the New Jersey Wage Payment Law (WPL), N.J.S.A. 34:11-4.1 to -4.15, against defendants Teknalysis Corporation (Teknalysis) and Michael DeSomma (DeSomma) (collectively, defendants). For the reasons that follow, we reverse.

We recite the facts from the bench trial on August 13, 2024. Teknalysis hired plaintiff as a sales executive in September 2018. Teknalysis offered plaintiff a $50,000 starting salary, plus commissions on products and services sold.

On June 30, 2022, plaintiff sent an email to DeSomma, Teknalysis's President and Chief Executive Officer, identifying "quite a few deals, professional services, and products codes . . . where [he] never received [a] commission." A few weeks later, plaintiff claimed entitlement to additional unpaid commissions. Ten days after that, Teknalysis fired plaintiff and declined to pay him any outstanding commissions.

In April 2023, plaintiff sued defendants. In his complaint, plaintiff alleged a violation of the WPL, breach of contract, and breach of the implied covenant of good faith and fair dealing. He asserted defendants owed him $28,103.62, in unpaid commissions.

A-4009-23

Plaintiff and DeSomma were the only witnesses who testified at trial. During his testimony, DeSomma admitted failing to pay commissions to plaintiff.

The trial judge rendered a decision from the bench the following day. The judge entered a no cause verdict on plaintiff's WPL claim. Relying on our holding in Musker v. Suuchi, Inc., 479 N.J. Super. 38 (App. Div. 2024), the judge found plaintiff's commissions were not wages under the WPL "because they were offered as extra incentives beyond plaintiff's regular compensation."

Plaintiff limits his appeal to the denial of his WPL claim. Plaintiff, relying on our Supreme Court's decision in Musker v. Suuchi, Inc., 260 N.J. 178, 181 (2025), contends the judge erroneously entered the no cause judgment on his WPL claim.[1]  We agree.

"Final determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review."  D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011)).  "[W]e do not disturb the factual findings and

---

[1]  Plaintiff filed his notice of appeal in this matter on August 21, 2024.  On September 17, 2024, the Court granted leave to appeal in Musker.  258 N.J. 470 (2024).  Appellate briefing before this court was completed on December 18, 2024.  The Court issued its Musker opinion on March 17, 2025.

3

legal conclusions of the trial judge unless . . . they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Seidman, 205 N.J. at 169). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The WPL "governs the time and mode of payment of wages due to employees." Maia v. IEW Constr. Grp., 257 N.J. 330, 344 (2024) (quoting Hargrove v. Sleepy's, LLC, 220 N.J. 289, 302-03 (2015)). Under the WPL, "[n]o employer may withhold or divert any portion of an employee's wages absent an enumerated exception." N.J.S.A. 34:11-4.4.

The WPL defines "wages" as "the direct monetary compensation for labor or services rendered by an employee, where the amount is determined on a time, task, piece, or commission basis excluding any form of supplementary incentives and bonuses which are calculated independently of regular wages and paid in addition thereto." N.J.S.A. 34:11-4.1(c). In Musker, we held commissions earned in addition to a salary were "supplementary incentives," not "wages." 479 N.J. Super. at 63.

A-4009-23

The judge found "the facts of the instant case analogous to the facts of . . . Musker."  Thus, the judge concluded plaintiff's commissions "were a supplementary incentive," the nonpayment of which failed to support a WPL claim.  In rendering his decision, the judge appropriately relied on our opinion in Musker.

In March 2025, the Court determined "compensating an employee by paying a 'commission' for 'labor or services' always constitutes a wage under the WPL.  Therefore, contrary to [our] conclusion [in Musker], a 'commission' under the WPL cannot be excluded from the definition of 'wages' as a 'supplementary incentive.'"  Musker, 260 N.J. at 181.

We "must decide according to the law as it exists at the time of [our] decision."  ACLU of N.J., Inc. v. County of Hudson, 352 N.J. Super. 44, 84 (App. Div. 2002).  Because commissions are wages under the WPL, we reverse the no cause judgment on plaintiff's WPL claim.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-4009-23